IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| MARK HENRY, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. G-06-450 |
| § | |
| THE LAKE CHARLES AMERICAN § | |
| PRESS, L.L.C. et al., § | |
| § | |
| Defendants. § | |

**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER**

This case arises out of claims of defamation made by Plaintiff against The Lake Charles American Press, L.L.C. and several other Defendants (collectively "Defendants"). Now before the Court comes Defendants' Motion to Transfer this case to the Western District of Louisiana, Lake Charles Division. For the reasons articulated below, Defendants' Motion is **GRANTED**.[1]

**I. Background**

This is a defamation case in which Plaintiff alleges damages as the result of several articles published in a Lake Charles newspaper. The articles were concerned with whether non-compliant jet fuel was sold by Plaintiff's business to the government for military aircraft. They were published in a Lake Charles newspaper, written by a Lake Charles Reporter, concerning a Lake Charles company, and events which took place in Lake Charles. Plaintiff is a resident of League City, Texas.

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

1

**II. Legal Standard**

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The movant bears the burden of demonstrating to the Court that it should transfer the case. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (requiring the movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed."). In determining whether a venue transfer is warranted, the Court considers the availability and convenience of witnesses and parties; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the location of pertinent books and records; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum, which is generally entitled to great deference. *See, e.g.*, *Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1065 (S.D. Tex. 1996); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1395–96 (S.D. Tex. 1992). The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard. *See Peteet*, 868 F.2d at 1436.

**III. Analysis**

*A. Availability and Convenience of Witnesses*

"The availability and convenience of witnesses is arguably the most important of the factors" in the § 1404 analysis. *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998) (citing 15 CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND

2

PROCEDURE § 3851, at 415 (1986)). Defendants argue that many of the relevant witness are located in Lake Charles. Plaintiff argues that there are witnesses, including some military personnel, spread literally all over the country. The Court accepts both of these arguments as true but finds that given this case's strong connection to Lake Charles, the vast majority of witnesses, including the most important ones, will be located in Lake Charles. Accordingly, this factor weighs in favor of transfer.

B. *Cost of Trial*

Since there are witnesses located from coast to coast, there is no reason to believe that a trial either here or in Lake Charles will be less expensive. The Parties have not given the Court any reason to think otherwise, and this factor does not weigh for or against transfer.

C. *Location of Books and Records*

Defendant has not given the court any indication that the records in question are so voluminous that it will incur substantial cost in transporting them to this Court. *See LeBouef*, 20 F. Supp. 2d at 1060. This factor does not weigh for or against transfer.

D. *Plaintiff's Choice of Forum*

Plaintiff's choice of forum is generally entitled to deference. However, it is entitled to less deference when the case has nothing to do with this District and Division. Other than the location of Plaintiff's residence, this lawsuit has no connection to this Division or even the Southern District of Texas. Under the circumstances present in this case, Plaintiff's choice of forum is entitled to little deference. This factor does not weigh for or against transfer.

E. *Place of the Alleged Wrong*

The place of the alleged wrong is one of the more important factors in venue determinations. *See Lemery v. Ford Motor Co.*, 244 F. Supp. 2d 720, 733 (S.D. Tex. 2002); *Robertson*, 979 F. Supp.

at 1106. The alleged wrong took place in Lake Charles. The residents of this Division have little, if any, interest in the outcome of this case. This factor supports transfer.

*F. Potential for Delay and Prejudice*

Any transfer will produce some delay, and as such, Plaintiff must show that a transfer at this stage of the proceedings would cause a significant or unusual delay. *See In Re: Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2002) ("[I]n rare and special circumstances a factor of 'delay' or 'prejudice' might be relevant in deciding the propriety of transfer, but only if such circumstances are established by clear and convincing evidence."). This case has not been set for trial yet. Transfer at this early stage in the litigation will not cause significant delay.

## IV. Conclusion

After examining the relevant venue factors, coupled with the specific facts of this lawsuit, the Court concludes that Defendant has carried its burden of demonstrating that transferring this case to the Western District of Louisiana, Lake Charles Division would increase the convenience of all involved, and that transfer would be in the interests of justice. Additionally, although the Court is not currently considering jurisdictional challenges, it anticipates that some or all of the Defendants will contest its jurisdiction. A transfer at this early stage may save all Parties the time and expense that would be incurred by such challenges. For these reasons, and those outlined above, Defendant's Motion to Transfer Venue is **GRANTED**. This case is hereby **TRANSFERRED** to the United States District Court for the Western District of Louisiana, Lake Charles Division. Each Party is to bear its own taxable costs, attorneys' fees, and expenses incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 31st day of August, 2006, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge